**Solomon & Cramer LLP**
1441 Broadway, Ste 6026
New York, New York 10018
t: (212) 884-9102
f: (516) 368-3896

--------------------
Andrew T. Solomon
Jennifer G. Cramer

March 12, 2020

**Via ECF**

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall
 United States Courthouse
40 Foley Square
New York, NY 10007

Re.: *Coöperatieve Rabobank U.A., New York Branch et al. v. Crowe LLP*, 1:20-cv-01556-LGS

Dear Judge Schofield:

This firm represents the Plaintiffs. We are writing in response to the Court's order of March 5, 2020 (Doc. 20), directing the parties to file letters on ECF on their position as to whether the case is appropriately referred to the bankruptcy court. As explained below, Plaintiffs' position is that the case qualifies for referral.

      1. <u>Brief Statement of Procedural History</u>

Plaintiffs, a group of secured lenders, filed this action against Crowe LLP in Florida state court based on Crowe's negligent (or worse) audit of Miami Metals II, Inc. (f/k/a Republic Metals Corporation) ("Republic"). Republic was a Florida corporation and Crowe conducted the audit at its own Florida office. Crowe removed the case under 28 U.S.C. §§ 1334(b), 1367, 1441, 1446, and 1452 to the Southern District of Florida, and subsequently sought to transfer the case to this Court under 28 U.S.C. § 1404(a). Plaintiffs cross-moved to remand the case, under 28 U.S.C. §§ 1447(c) and 1452(b), based on the mandatory or permissive abstention provisions of 28 U.S.C. § 1334(c). The district court in Florida declined to resolve the abstention question and, instead, transferred the case to this Court.

The basis for removal and subject matter jurisdiction is 28 U.S.C. § 1334(b), which, in relevant part, gives the district courts "original but not exclusive jurisdiction of all civil proceedings … related to cases under title 11." The Chapter 11 case at issue, *In re: Miami Metals I, Inc., et al.*, 18-13359 (SHL), was filed by Republic and its subsidiaries in November 2018 and is pending before Bankruptcy Judge Sean H. Lane. At the time of Crowe's removal, no bankruptcy plan had been approved. On December 23, 2019, however, the bankruptcy court confirmed the

Second Amended Joint Chapter 11 Plan of Liquidation of Debtors (the "Plan," Exhibit A), which was declared effective and substantially consummated on January 7, 2020.

2. The Case Is Eligible to Be Referred to the Bankruptcy Court

The statutory basis for bankruptcy court referrals is 28 U.S.C. § 157, which authorizes each district court to refer to its bankruptcy judges cases "arising in or related to a case under title 11." The SDNY's standing order of reference pursuant to § 157 refers "any and all proceedings arising under title 11 or related to a case under title 11" to the bankruptcy judges. 12 Misc 00032 ("M-431"). Only the second—"related to"—prong applies here as none of the claims, which are all state law and common law causes of action, arises under Chapter 11.

The test for "relatedness" depends on the status of the bankruptcy. Before confirmation, *relatedness* is established if the litigation's outcome could have any "conceivable effect" on the bankrupt estate. *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992). After confirmation, "the bankruptcy court's jurisdiction shrinks," *In re Park Ave. Radiologists, P.C.*, 450 B.R. 461, 467 (Bankr. S.D.N.Y. 2011) (*quoting In re Gen. Media, Inc.*, 335 B.R. 66, 73 (Bankr. S.D.N.Y. 2005)), which narrows the test for relatedness from the "conceivable effect" test to the stricter "close nexus" test. *Lehman Bros. Holdings Inc. v. 1st Advantage Mortg., LLC (In re Lehman Bros. Holdings Inc.)*, Nos. 08-13555 (SCC), 16-01019 (SCC), 2018 Bankr. LEXIS 2406, at *9 (Bankr. S.D.N.Y. Aug. 13, 2018). Some courts, however, have held that the "close nexus" test does not apply when the plan calls for the debtor's liquidation, as is the case here. *In re Lehman Bros. Holdings*, No. 18-CV-8986-VEC, 2019 U.S. Dist. LEXIS 77887, at *17 n.4 (S.D.N.Y. May 8, 2019) (*citing Bos. Reg'l Med. Ctr., Inc. v. Reynolds (In re Bos. Reg'l Med. Ctr., Inc.)*, 410 F.3d 100, 106 (1st Cir. 2005); *Kirschner v. Grant Thornton LLP (In re Refco, Inc. Sec. Litig.)*, 628 F. Supp. 2d 432, 442 (S.D.N.Y. 2008)).

The Court need not decide which line of cases is correct because this action probably qualifies for referral under the stricter, "close nexus" test, which is satisfied if:

> (i) the matter affects the interpretation, implementation, consummation, execution, or administration of the confirmed plan or incorporated litigation trust agreement; and (ii) the plan provides for the retention of jurisdiction over the matter.

2018 Bankr. LEXIS 2406, *at* *9 (internal citations and quotations omitted); *T-Bone Rest. LLC v. GE Capital Corp.*, No. 12 Civ. 0122 (BSJ)(HBP), 2012 U.S. Dist. LEXIS 187970, at *11-12 (S.D.N.Y. Aug. 16, 2012).

Both "close nexus" factors are arguably satisfied. Some courts have held that the first prong of the "close nexus" test is met if the funds recovered will be distributed to the creditors in bankruptcy. *In re Refco*, 628 F. Supp. 2d at 443. That is the situation here. Pursuant to the Plan, the secured lenders assigned certain proceeds from the claims against Crowe, defined in the Plan as the "Auditor/Lender Claim" (Plan, Art. 1, § 1.14-.15), to the Litigation Trust (Plan Art. 8, § 8.1.5), which would be paid to the secured and unsecured creditors pursuant to the Auditor Claim Waterfall (Plan Art. 1, § 1.16). The second prong of the test is also met in that the Bankruptcy

2

Court retained jurisdiction to the fullest extent possible under the law (Plan, Art. 13). *Krys v. Sugrue*, 2008 U.S. Dist. LEXIS 86149, at *25-27 (S.D.N.Y. Oct. 23, 2008).

It thus appears that the case qualifies for automatic referral to the Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and M-431. But that does not define the scope of the Bankruptcy Court's jurisdiction. Nor does it determine whether the reference should be withdrawn under 28 U.S.C. § 157(d). Plaintiffs also reiterate that whether the case remains here or is referred, abstention under 28 U.S.C. § 1334(c) must be decided as a threshold matter and is ultimately required.

Respectfully yours,

/**s**/ *Andrew T. Solomon*

Andrew T. Solomon
asolomon@solomoncramer.com